FILED
JH
MAY 1 7 2007 NF
MAY 17, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MEDLINE INDUSTRIES, INC.
an Illinois Corporation,

Plaintiff,

v.

STRATEGIC COMMERCIAL SOLUTIONS, INC., d/b/a MEDLINE SAVINGS, a Canadian corporation, and CAPITAL PAYMENT SYSTEMS, LLC, a Delaware limited liability company,

Defendants.

07CV2783
JUDGE CASTILLO
MAGISTRATE JUDGE MASON

**COMPLAINT**

Plaintiff, Medline Industries, Inc. ("Medline"), for its Complaint against Defendants Strategic Commercial Solutions, Inc., d/b/a Medline Savings ("SCS") and Capital Payment Systems, LLC ("Capital Payment") states as follows:

**Parties**

1. Medline is a corporation organized and existing under the laws of the State of Illinois. Its headquarters and principal place of business is at One Medline Place, Mundelein Illinois 60600.

2. SCS is a corporation organized and existing under the laws of the Province of Quebec. Its headquarters and principal place of business is at 83 Ashgrove Avenue, Suite 201 Pointe Claire, Quebec H9R 3N5.

3. Capital Payment is a limited liability company organized and existing under the laws of the State of Delaware. Its headquarters and principal place of business is at 1790 N Lee Trevino Drive, Fifth Floor, El Paso, Texas 79936.

**Jurisdiction and Venue**

4. This is an action for trademark infringement, unfair competition, and trademark dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* and the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and for trademark infringement and unfair competition under common law. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. § 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

**Facts Common to All Counts**

5. Medline is a leading manufacturer and distributor of medical products, with annual sales of over $3 billion.

6. Since at least 1968, Medline has continuously used the trademark MEDLINE in connection with its medical products.

7. Medline owns valid and subsisting federal trademark registrations issued by the United States Patent and Trademark Office for the MEDLINE mark, including those listed in the chart attached as **Exhibit 1**.

8. Medline's Reg. Nos. 0894673, 0894684, 0897881, and 1810374 for MEDLINE have become incontestable under the Lanham Act, and the certificates of registration constitute "conclusive evidence" of "the validity of the registered mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use of the mark in connection with the goods or services specified in the registration." 15 U.S.C. § 1115.

9. Medline has used the MEDLINE mark on a worldwide basis and has registered the mark in several foreign jurisdictions. For example, Medline owns Reg. No. TMA538632, a

valid and subsisting trademark registration issued by the Canadian Intellectual Property Office for the MEDLINE mark for use with various medical products.

10. Medline has registered the Internet domain name <medline.com> and operates a web site at that address at which it has sold and promoted its medical products since approximately 1998.

11. Medline enjoys a valuable reputation and goodwill among consumers as a provider of high-quality medical products. The trademark MEDLINE has come to be recognized and associated by consumers exclusively with the high-quality medical products provided by Medline. Medline's medical products are widely sought by consumers around the nation for their excellent reputation.

12. The MEDLINE trademark is a valuable business and marketing asset to Medline, and indicates to consumers the high-quality goods and services originating only from Medline. Medline has expended substantial time, effort, and money in advertising, promoting and marketing its MEDLINE goods and services throughout the United States for at least the past 40 years, and, as a result, the MEDLINE trademark has become famous.

13. SCS is a telemarketing company based in Pointe Claire, Quebec. On information and belief, using the fictitious name "Medline Savings," SCS has telephoned consumers throughout the United States, including in Illinois, offering to sell them "pharmaceutical discount packages" for approximately $400 each.

14. On information and belief, SCS's "Medline Savings" telemarketing calls originate from a toll-free number, (866) 395-2013, which SCS owns and operates. On information and belief, SCS owns and operates numerous other toll-free numbers, including (866) 898-7489, (866) 282-8618 and (866) 829-6317, with each of these numbers corresponding to a unique telemarketing scheme. On information and belief, calls to these various toll free numbers all

reach the same call center, where individuals associated with SCS claim to work for a third-party entity known only as "Customer Service" or "Client Care Relations." On information and belief, SCS owns and operates this call center as a front for its various telemarketing schemes.

15. On information and belief, SCS's "Medline Savings" telemarketing calls have targeted elderly consumers, using high-pressure sales techniques to browbeat them into providing their bank account information. On information and belief, at SCS's instruction, Defendant Capital Payment has used the bank account information provided by SCS to deduct funds from consumers' bank accounts throughout the United States, including in Illinois. A representative example of Capital Payment's electronic checks is attached as **Exhibit 2**. A representative example of a bank statement showing Capital Payment's deductions on behalf of SCS is attached as **Exhibit 3**. On information and belief, Capital Payment has identified itself to banks and consumers as "Medline Savings" or "CPS Medline Savings" in connection with these electronic funds transfers.

16. Defendants have committed these acts without Medline's permission or consent.

17. On information and belief, Defendants have committed these acts with full knowledge of Medline's long prior use and ownership of the MEDLINE trademark, and with full knowledge that they would harm Medline and its business in Illinois.

18. On information and belief, Defendants have committed these acts to deceive consumers into believing they were purchasing a product or service sold or endorsed by Medline.

19. On information and belief, Defendants have committed these acts to profit from the considerable goodwill owned by Medline in its MEDLINE trademark.

## COUNT I – TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

20. Medline incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 19 of its Complaint.

21. Defendants' use of the MEDLINE trademark as alleged herein is likely to cause confusion, to cause mistake, or to deceive consumers as to the source or origin of Defendants' goods and services.

22. Defendants' aforesaid acts constitute trademark infringement in violation of the Trademark Laws of the United States, 15 U.S.C. § 1114.

23. On information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

24. As a result of the aforesaid acts by Defendants, Medline has been severely injured in its business and property. The injury to Medline is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Medline for its injuries and Medline lacks an adequate remedy at law.

## COUNT II – COMMON LAW TRADEMARK INFRINGEMENT

25. Medline incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 24 of its Complaint.

26. Defendants' use of the MEDLINE trademark as alleged herein constitutes intentional and willful infringement of Medline's common law rights in and to that trademark.

27. As a result of the aforesaid acts by Defendants, Medline has been severely injured in its business and property. The injury to Medline is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Medline for its injuries and Medline lacks an adequate remedy at law.

## COUNT III – UNFAIR COMPETITION UNDER THE LANHAM ACT

28. Medline incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 27 of its Complaint.

29. Defendants' use of Medline's trademark as alleged herein constitutes unfair competition, false representation, and false designation of origin upon and in connection with Defendants' goods and services, and thus violates 15 U.S.C. § 1125(a).

30. As a result of the aforesaid acts by Defendants, Medline has been severely injured in its business and property. The injury to Medline is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Medline for its injuries and Medline lacks an adequate remedy at law.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

31. Medline incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 30 of its Complaint.

32. Defendants' use of Medline's trademark as alleged herein has caused and will continue to cause confusion, mistake, and deception.

33. Defendants' use of the MEDLINE trademark suggests association, affiliation, or sponsorship with or approval by Medline, so as to cause, or be likely to cause, confusion or mistake, or to deceive consumers as to the origin of Defendants' goods and services. Such use constitutes an effort to pass off such goods and services as originating from or approved by Medline, all to the gain of Defendants and to the loss of and damage to Medline.

34. As a result of the aforesaid acts by Defendants, Medline has been severely injured in its business and property. The injury to Medline is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Medline for its injuries and Medline lacks an adequate remedy at law.

## COUNT V – TRADEMARK DILUTION UNDER THE LANHAM ACT

35. Medline incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 34 of its Complaint.

36. Defendants' use of Medline's trademark as alleged herein has caused and will cause dilution and tarnishment of the distinctive quality of Medline's famous trademark in violation of 15 U.S.C. §1125(c)(1).

37. The foregoing acts of dilution result from Defendants' willful intention to trade upon Medline's reputation, making this an exceptional case within the meaning of 15 U.S.C. § 1125(c)(2), and entitling Medline to the remedies set forth in 15 U.S.C. § 1117.

38. As a result of the aforesaid acts by Defendants, Medline has been severely injured in its business and property. The injury to Medline is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Medline for its injuries and Medline lacks an adequate remedy at law.

## COUNT VI – DECEPTIVE TRADE PRACTICES ACT

39. Medline incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 38 of its Complaint.

40. Defendants' use of Medline's trademark as alleged herein constitutes a passing off by Defendants of their goods and services as those of Medline's. Such use is likely to cause confusion or misunderstanding on the part of consumers as to the source, sponsorship, affiliation, connection, association, certification or approval of Defendants' goods and services.

41. As a result of these aforesaid acts, Defendants have been and are engaging in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* and the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

42. As a result of the aforesaid acts by Defendants, Medline has been severely injured in its business and property. The injury to Medline is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Medline for its injuries and Medline lacks an adequate remedy at law.

## Prayer For Relief

WHEREFORE, Medline prays:

1. That Defendants and their officers, directors, agents, representatives, attorneys and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with Defendants, be preliminarily and permanently enjoined from:

(a) representing in any manner or by any method whatsoever that goods and services not sponsored, approved, or authorized by or originating from Medline but provided by Defendants are sponsored, approved, or authorized by or originate with Medline, or from otherwise taking any action likely to cause confusion, mistake, or deception of the public as to the origin, approval, sponsorship, or certification of such goods and services; and

(b) representing in any manner or by any method whatsoever that any business conducted by Defendants is connected, affiliated, or otherwise associated with Medline, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the connection, affiliation, or other association of Defendants' businesses with Medline; and

(c) using the trademark MEDLINE, or any other trademark which is a colorable imitation of or is confusingly similar in any manner to that trademark, on or in

connection with the sale, offering for sale, advertisement, or promotion of any goods or services not originating with Medline.

2. That Medline have an accounting for damages and for all the profits of Defendants together with those profits lost by Medline due to the actions of Defendants complained of herein.

3. That Medline be granted an award for damages due to the injury to its business reputation and the loss of its goodwill by reason of Defendants' offer to sell and sales of goods and services not emanating from Medline but identified with Medline's MEDLINE trademark.

4. That the damages assessed against Defendants be trebled pursuant to 15 U.S.C. § 1117.

5. That Defendants pay punitive damages for their willful conduct in violation of the Illinois Consumer Fraud and Deceptive Practices Act, pursuant to 815 ILCS 505/10a.

6. That Defendants pay Medline's costs and disbursements in this action, including its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and 815 ILCS 510/3.

7. That Medline have such other and further relief as this Court may deem just.

**Jury Demand**

Medline hereby demands trial by jury for all issues so triable.

Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP

Dated: May 17, 2007

By: ______________________

Janet A. Marvel
Jared D. Solovay
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
(312) 554-8000

*Attorneys for Plaintiff Medline Industries, Inc.*

# Exhibit 1

## CHART OF MEDLINE TRADEMARK REGISTRATIONS

| Mark | Goods/ Services | First Use in Commerce | U.S. Reg. No. | Registration Date |
|---|---|---|---|---|
| MEDLINE | Towels; stockinet fabric; mattress covers; pillow cases; blankets; bleached broadcloth fabric; washcloths; sheets for use as sanitary coverings; bath mats; and gauze fabrics. | 10/03/1968 | 0894673 | 07/14/1970 |
| MEDLINE | Hospital and surgical appliances-namely, syringes and needles; surgical scalpels and blades; suction equipment for surgery; rubber bags for use in connection with respiratory equipment; blood pressure measuring equipment; sterilizers; sanitary urinals; stitch pincers; surgical scissors; blood lancets; suture removal kits; specimen containers; splints; intravenous arm boards; blood collectors; oral and rectal thermometers; percussion hammers for medical use; irrigation trays; stopcocks; medicine droppers; observation tube glass; surgical instruments; needles and stylets; drainage bags; crutch tips; porous tapes; swabs; absorbent cotton balls and sponges; stomach tubes; catheters and catheter trays; emesis basins and covers; latex bulbs; finger splints; nipple caps; plastic bandages; pelvic traction belts; clavicle straps and pads; enema kits; respiratory equipment for infants; gauze packing strips; gauze tubing; cloth medical dressing; bed pan covers; face masks; surgical gloves; wrist restraints; surgical gowns and garments. | 09/30/1968 | 0894684 | 07/14/1970 |

| Mark | Goods/ Services | First Use in Commerce | U.S. Reg. No. | Registration Date |
|---|---|---|---|---|
| MEDLINE | Hospital garments for hospital personnel and patients-namely, lab coats; diapers; pants; slippers; caps for nurses; leggings; protective vests; and scrub shirts. | 10/04/1968 | 0897881 | 09/01/1970 |
| MEDLINE | Mouthwash and castille skin soap in International Class 003.<br><br>Preparations for medical use; namely, isopropyl alcohol, alcohol treated prep pads, hydrogen peroxide, lubricating jelly, sitz bath, and providone/iodine solutions; and re-usable incontinence garments in International Class 005.<br><br>Medical devices; namely, dressing change trays, alternating pressure pumps, and pads, disposable bedside bags, single-use cold and hot compresses, adhesive tape removal pads, enternal gravity feeding apparatus, sharps containers, skin scrub trays, bio-hazard bags for storing medical waste, resting electrodes, I.V. start kits consisting essentially of catheters, catheter placement device, tape, tourniquet, iodine prep capsule, alcohol swab, gauze, sponges, ointments, adhesive bandages, and identification labels; and shaving preparation sets comprised essentially of disposable razor and shaving cream in International Class 010.<br><br>Facial tissue in International Class 016. | Class 003: 1967<br><br>Class 005: 1967<br><br>Class 010: 04/30/1983<br><br>Class 016: 01/31/1990 | 1810374 | 12/14/1993 |

# Exhibit 2



07-5321

0552920270 03/06/2007 01

800-860-1404
Pay to the Order of
Fort Worth
For Deposit Only
Capital Payment Systems LLC

EILEEN FARTHING
1727 CHAMBERLAIN WAY
HASLETT MI
48840

COMERICA BANK
PO BOX 75000
DETROIT MI
48275

104579

3/5/2007

*Pay To The Order Of* CPS Medline Savings $ 398.00

Three Hundred Ninety-Eight and 00/100 *Dollars*

Memo For inquiries : 800-860-0908

Control 102743 Notes BS5348

This draft preauthorized by EILEEN FARTHING

⑆072000096⑆ 0306260399⑈ 104579 0000039800⑈

SecurChex™ This document has BLUE background. Line above is MICRO PRINTED wording. Tamperproof Ink. ©1999 MEGA WORLD INC. www.checksnet.com Form#CFW/1535

Cathy E Barr/MI/CMA

03/16/2007 02:05 PM

To Elizabeth A Vanzee/MI/CMA@CMA

cc

bcc

Subject Copy of Item

# Exhibit 3

P.O. BOX 1098
NORTHRIDGE, CA 91328-1098

**This Statement Covers**
From: 01/27/07
Through: 02/27/07

**Need assistance?**
To reach us anytime,
call 1-800-788-7000
or visit us at **wamu.com**

CLARA M BOW
CLARA JOYCE HALL
24281 GROVEN LN
MORENO VALLEY CA 92557-6339

Enclosed is important information about changes that may affect your Washington Mutual accounts and services. For questions, visit your Financial Center or call 1-800-788-7000.

## Your Free Checking Detail Information

**CLARA M BOW**
**CLARA JOYCE HALL**

Pay bills online from a WaMu checking account at wamu.com. It's Fast, Easy and FREE. You can pay one bill or set up recurring payments, even view payment history online. Log-in today and click on Pay Bills and Loans.

### Your Account at a Glance

| | |
|---|---|
| **Beginning Balance** | **$528.63** |
| Checks Paid | -$347.19 |
| Other Withdrawals | -$992.55 |
| Deposits | +$927.00 |
| **Ending Balance** | **$115.89** |

| Date | Description | Withdrawals (-) | Deposits (+) |
|---|---|---|---|
| 01/29 | | $6.99 | |
| 01/29 | | $68.91 | |
| 02/01 | | | $581.00 |
| 02/01 | | $52.78 | |
| 02/02 | | | $246.00 |
| 02/02 | | $21.00 | |
| 02/05 | | $180.00 | |
| 02/06 | | $15.60 | |
| 02/08 | MEDLINE SAVINGS 8663952013 4623 | $398.01 | |
| 02/12 | | $40.68 | |

Deposits are FDIC Insured EQUAL HOUSING LENDER
Form CS50004B 0000031650