# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MEDLINE INDUSTRIES, INC.
  an Illinois Corporation,

      Plaintiff,

    v.

STRATEGIC COMMERCIAL SOLUTIONS,
INC., d/b/a MEDLINE SAVINGS, a Canadian
corporation, and CAPITAL PAYMENT
SYSTEMS, LLC, a Delaware limited liability
company,

      Defendants.

Case No. 07 CV 2783

Judge Castillo

## MEDLINE'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS AND THINGS

In accordance with Rule 34 of the Federal Rules of Civil Procedure and the Definitions

and Instructions set forth below, Plaintiff Medline Industries, Inc. ("Medline"), hereby requests

that Defendant Strategic Commercial Solutions, Inc. ("SCS") produce for inspection and copying

by Medline at the office of the undersigned attorneys, or at such other time and place as agreed

by the parties, all of the following requested documents and things in the possession, custody or

control of SCS.

## DEFINITIONS

    A.    Reference to any party herein, including without limitation "Medline," "SCS"

"Benashore Marketing Group" or "Benesure Marketing Group" should be understood as

including such party's parents, subsidiaries of parents, subsidiaries, and all divisions,

predecessors and successors and assigns of each of the foregoing, and all of its agents, officers,

directors, employees, independent contractors, representatives, consultants, and attorneys.

    B.    As used herein, any reference to "Medline Savings," "Medline Savings

telemarketing calls," "Medline Savings calls," or "Medline Savings telemarketing operation"

refers to (i) any outgoing telemarketing calls in which the callers identify themselves using the

name "Medline Savings" (or any variation thereof) and/or (ii) any incoming customer service calls placed to the (866) 395-2013 telephone number.

    C.    As used herein, "communication" shall mean any transmission of information by one or more persons or between two or more persons by any means including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, computer linkups, emails, text messages, written memoranda, and face-to-face conversations.

    D.    As used herein, "day" or "date" shall mean the exact day, month, and year if ascertainable, or if not, the best available approximation (including relationship to other events).

    E.    The term "documents" shall have the same meaning as set forth in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, the original (and every copy of the original that differs in any way from it) of any written, recorded or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be recorded, which is or has been in your possession, control, or custody, or of which you have knowledge, including but not limited to, the original and any non-identical copy (whether different from the original because of notes made on said copy or otherwise) of any advertising literature; agreement; bank record or statement; blueprint; book; book of account; booklet; brochure; calendar; catalog; chart; check; circular; coding form; communication (intra- or inter-company); computer printout; computer-readable form; contract; copy; correspondence; database; diary; display; draft of any document; drawing; e-mail; film; film transparency; flyer; forecast; graph; index; instruction; instruction manual or sheet; invoices; job requisition; letter; license; magnetic media of all kinds (including, but not limited to, disks, tapes, or other media) containing computer software with supporting indices, data, documentation, flow charts, comments, object code, source code, and computer programs relating thereto; manual; map; memoranda; minute; newspaper or other clipping; note; notebook; opinion; pamphlet; paper; periodical or other publication; photograph; price list; print; printed circuit board; promotional literature; receipt; record; recorded Read Only Memory (ROM); recording; report; solicitation; statement; statistical compilation; stenographic notes, records, or summary of any (a) telephone or intercom conversation or message, (b) personal conversation or

interview, or (c) meeting or conference; telegram; telephone calling card; telephone log; tickets; ticket sales records; travel or expense records; video recording; video tape; voice recording; voucher; worksheet or working paper; writing or other handwritten, printed, reproduced, recorded, typewritten, or otherwise produced graphic material from which the information required may be obtained, or any other documentary material of any nature, in the possession, custody or control of Defendant.

   F.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

   G.  As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, joint venture, group, association or any other organization or entity.

   H.  A document or communication "referring," "relating" or "related" to any given subject shall mean, without limitation, any document or communication that constitutes, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

INSTRUCTIONS

   A.  In answering each request, identify each person who assisted or participated in preparing or supplying any of the documents or information given in response to or relied upon in preparing answers to that request.

   B.  If any request is objected to on the ground of privilege or work product, or for any other reason, with respect to each such request state the basis upon which it is being withheld, including sufficient facts from which the court and Medline can assess and determine the validity of such assertion of privilege, work product, or other immunity.

   C.  Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to obtain the broadest possible meaning.

   D.  As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

   E.  You are under a duty to supplement your response to these requests for documents pursuant to Fed. R. Civ. P. 26(e) as additional information becomes available.

-3-

REQUESTS

**Request No. 1:**

All documents and things identified in response to, or for which identification is sought in, Medline's First Set of Interrogatories.

**Request No. 2:**

All documents relating to Benashore Marketing Group or Benesure Marketing Group, including but not limited to correspondence, customer lists, contracts, and payment records.

**Request No. 3:**

All documents relating to calls that SCS received from or placed to Illinois residents in connection with "Medline Savings."

**Request No. 4:**

All documents relating to calls that SCS received from or placed to the following area codes in connection with "Medline Savings": 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

**Request No. 5:**

All documents relating to calls received by SCS from Illinois residents through the telephone number (866) 395-2013.

**Request No. 6:**

All documents relating to calls received by SCS through the telephone number (866) 395-2013 from any of the following area codes: 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

**Request No. 7:**

All documents relating to refunds issued by SCS to Illinois residents in connection with "Medline Savings."

**Request No. 8:**

All documents relating to any calls received by SCS from Illinois residents generally.

**Request No. 9:**

All documents relating to any refunds issued by SCS to Illinois residents generally.

**Request No. 10:**

Documents sufficient to identify all Illinois residents in SCS's databases.

**Request No. 11:**

Documents sufficient to identify all telephone numbers in SCS's databases beginning with the following area codes: 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

**Request No. 12:**

Documents relating to any agreements between SCS and any company or individual residing in Illinois.

**Request No. 13:**

Documents relating to any trips made to Illinois by any of SCS's employees, officers, directors, or independent contactors in connection with SCS's business or services..

**Request No. 14:**

All correspondence between SCS and any Illinois residents.

**Request No. 15:**

All documents relating to Medline.

**Request No. 16:**

All documents relating to the telephone number (866) 395-2013, including but not limited to registration and ownership, telephone company invoices, call summaries, usage reports and customer lists.

**Request No. 17:**

All documents relating to SCS's ownership or rental of property located at 1320 State Route 9, Champlain, New York 12919.

**Request No. 18:**

All documents relating to any activity conducted by or on behalf of SCS at 1320 State Route 9, Champlain, New York 12919.


Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

Dated: June 18, 2007                    By: _____
                                            Janet A. Marvel
                                            Jared D. Solovay
                                            311 South Wacker Drive, Suite 5000
                                            Chicago, Illinois  60606
                                            (312) 554-8000

                                        *Attorneys for Plaintiff Medline Industries, Inc.*

## Certificate Of Service

The undersigned attorney states that he or she caused a true and correct copy of the

foregoing Medline's First Request for Production of Documents and Things to be sent by

overnight courier, this 18th day of June, 2007, to the following:

> Kenneth F. Salomon, Esq.
> Sternthal Katznelson Montigny
> Place du Canada
> 1010 de la Gauchetière West, Suite 1020
> Montréal, Québec
> Canada, H3B 2N2

-7-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MEDLINE INDUSTRIES, INC.
an Illinois Corporation,

        Plaintiff,

        v.

STRATEGIC COMMERCIAL SOLUTIONS,
INC., d/b/a MEDLINE SAVINGS, a Canadian
corporation, and CAPITAL PAYMENT
SYSTEMS, LLC, a Delaware limited liability
company,

        Defendants.

Case No. 07 CV 2783

Judge Castillo

## MEDLINE'S FIRST SET OF INTERROGATORIES

In accordance with Rule 34 of the Federal Rules of Civil Procedure and the Definitions and Instructions set forth below, Plaintiff Medline Industries, Inc. ("Medline"), hereby requests that Defendant Strategic Commercial Solutions, Inc. ("SCS") produce for inspection and copying by Medline at the office of the undersigned attorneys, or at such other time and place as agreed by the parties, all of the following requested documents and things in the possession, custody or control of SCS.

## DEFINITIONS

A.    Reference to any party herein, including without limitation "Medline," "SCS" "Benashore Marketing Group" or "Benesure Marketing Group" should be understood as including such party's parents, subsidiaries of parents, subsidiaries, and all divisions, predecessors and successors and assigns of each of the foregoing, and all of its agents, officers, directors, employees, independent contractors, representatives, consultants, and attorneys.

B.    As used herein, any reference to "Medline Savings," "Medline Savings telemarketing calls," "Medline Savings calls," or "Medline Savings telemarketing operation"

refers to (i) any outgoing telemarketing calls in which the callers identify themselves using the name "Medline Savings" (or any variation thereof) and/or (ii) any incoming customer service calls placed to the (866) 395-2013 telephone number.

     C.     As used herein, any reference to "the Medline trademarks" refers to the trademarks identified in paragraphs 6-12 of Medline's complaint.

     D.     As used herein, "communication" shall mean any transmission of information by one or more persons or between two or more persons by any means including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, computer linkups, emails, text messages, written memoranda, and face-to-face conversations.

     E.     As used herein, "day" or "date" shall mean the exact day, month, and year if ascertainable, or if not, the best available approximation (including relationship to other events).

     F.     The term "documents" shall have the same meaning as set forth in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, the original (and every copy of the original that differs in any way from it) of any written, recorded or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be recorded, which is or has been in your possession, control, or custody, or of which you have knowledge, including but not limited to, the original and any non-identical copy (whether different from the original because of notes made on said copy or otherwise) of any advertising literature; agreement; bank record or statement; blueprint; book; book of account; booklet; brochure; calendar; catalog; chart; check; circular; coding form; communication (intra- or inter-company); computer printout; computer-readable form; contract; copy; correspondence; database; diary; display; draft of any document; drawing; e-mail; film; film transparency; flyer; forecast; graph; index; instruction; instruction manual or sheet; invoices; job requisition; letter; license; magnetic media of all kinds (including, but not limited to, disks, tapes, or other media) containing computer software with supporting indices, data, documentation, flow charts, comments, object code, source code, and computer programs relating thereto; manual; map; memoranda; minute; newspaper or other clipping; note; notebook;

opinion; pamphlet; paper; periodical or other publication; photograph; price list; print; printed

circuit board; promotional literature; receipt; record; recorded Read Only Memory (ROM);

recording; report; solicitation; statement; statistical compilation; stenographic notes, records, or

summary of any (a) telephone or intercom conversation or message, (b) personal conversation or

interview, or (c) meeting or conference; telegram; telephone calling card; telephone log; tickets;

ticket sales records; travel or expense records; video recording; video tape; voice recording;

voucher; worksheet or working paper; writing or other handwritten, printed, reproduced,

recorded, typewritten, or otherwise produced graphic material from which the information

required may be obtained, or any other documentary material of any nature, in the possession,

custody or control of Defendant.

G.     If copies of documents are produced in lieu of the originals, such copies should be

legible and bound or stapled in the same manner as the original.

H.     As used herein, "person" shall mean an individual, firm, partnership, corporation,

proprietorship, joint venture, group, association or any other organization or entity.

I.     An interrogatory "referring," "relating" or "related" to any given subject shall

mean, without limitation, any document or communication that constitutes, contains, embodies,

reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the

particular subject matter identified.

<u>INSTRUCTIONS</u>

A.     In answering each interrogatory, identify each person who assisted or participated

in preparing or supplying any of the documents or information given in response to or relied

upon in preparing answers to that request.

B.     If any interrogatory is objected to on the ground of privilege or work product, or

for any other reason, with respect to each such interrogatory state the basis upon which it is being

withheld, including sufficient facts from which the court and Medline can assess and determine

the validity of such assertion of privilege, work product, or other immunity.

C.     Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to obtain the broadest possible meaning.

D.     As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

E.     You are under a duty to supplement your response to these interrogatories pursuant to Fed. R. Civ. P. 26(e) as additional information becomes available.

<u>INTERROGATORIES</u>

**Interrogatory No. 1:**

Describe in detail SCS's involvement with the "Medline Savings" telemarketing operation, including but not limited to the date of SCS's first involvement, the volume of calls handled monthly, the format in which SCS receives lists of "Medline Savings" customers, the source of the "Medline Savings" customer lists, the nature of SCS's interactions with "Medline Savings" customers, any instructions or limitations provided to SCS in handling "Medline Savings" customer calls, and the nature of SCS's interactions with Capital Payment Systems regarding payments and refunds.

**Interrogatory No. 2:**

Identify the individuals or entities placing the "Medline Savings" telemarketing calls, including but not limited to their names, addresses, and telephone numbers, and in the case of any business entities, their officers, directors, members, partners, shareholders, and investors (where applicable).

**Interrogatory No. 3:**

Identify each individual or entity receiving the proceeds or profits derived from the "Medline Savings" telemarketing operation.

-4-

**Interrogatory No. 4:**

Describe in detail the relationship between SCS and the individuals or entities placing the "Medline Savings" telemarketing calls, including but not limited to the existence and terms of any agreements, the names and titles of all individuals with whom SCS has dealt, the names and titles of all SCS employees or independent contractors involved in such dealings.

**Interrogatory No. 5:**

Describe in detail the relationship between SCS and Benashore Marketing Group or Benesure Marketing Group, including but not limited to the existence and terms of any agreements, the names and titles of all individuals with whom SCS dealt, and the names and titles of all SCS employees or independent contractors involved in such dealings.

**Interrogatory No. 6:**

Describe in detail the method by which SCS has been paid for its services in connection with the "Medline Savings" calls, including but not limited to the name of each bank and the number of each account from which the funds were transmitted.

**Interrogatory No. 7:**

Identify by name and address each customer in SCS's databases with telephone numbers in any of the following area codes: 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

**Interrogatory No. 8:**

Explain in detail the significance of the 1320 State Route 9, Champlain, New York 12919 address to SCS, including but not limited to the date SCS first established a presence at that location, the reasons for SCS's establishment of a presence at that location, the number of SCS employees or independent contractors working at or traveling to that location, and the nature of SCS's business activities at that location.

**Interrogatory No. 9:**

Identify all individuals or companies residing in Illinois for whom SCS has provided any professional services.

**Interrogatory No. 10:**

Identify all individuals or companies residing in Illinois with whom SCS has entered into any contractual relationship.

**Interrogatory No. 11:**

Describe any trips made to Illinois by any of SCS's employees, officers, directors, or independent contactors in connection with SCS's business or services.

**Interrogatory No. 12:**

Describe in detail the circumstances surrounding SCS's first awareness of Medline and/or the MEDLINE trademarks.

Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

Dated: June 18, 2007

By:_____
Janet A. Marvel
Jared D. Solovay
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
(312) 554-8000

*Attorneys for Plaintiff Medline Industries, Inc.*

-6-

**<u>Certificate Of Service</u>**

The undersigned attorney states that he or she caused a true and correct copy of the

foregoing Medline's First Set Of Interrogatories to be sent by overnight courier, this 18th day of

June, 2007, to the following:

> Kenneth F. Salomon, Esq.
> Sternthal Katznelson Montigny
> Place du Canada
> 1010 de la Gauchetière West, Suite 1020
> Montréal, Québec
> Canada, H3B 2N2

-7-