# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MEDLINE INDUSTRIES, INC.
an Illinois Corporation,

       Plaintiff,

      v.

STRATEGIC COMMERCIAL SOLUTIONS,
INC., a Canadian corporation, and CAPITAL
PAYMENT SYSTEMS, LLC, a Delaware
limited liability company,

       Defendants.

Case No. 07 CV 2783

Judge Castillo

## RESPONSE OF STRATEGIC COMERCIAL SOLUTIONS (SSC) INC. TO
## MEDLINE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1:**

    All documents and things identified in response to, or for which identification is sought

in, Medline's First Set of Interrogatories.

**Response:**

    Copy of contract dated July 3, 2006 between Strategic Commercial Solutions (SSC) Inc.

(hereinafter "SCS") and Benashore Marketing Group (hereinafter "Benashore"), and a copy of a

script used by sales personnel of Benashore.

    Neil Haboush, the President of SCS, provided the foregoing documents. The contract was

prepared by SCS, and the script was prepared by Benashore.

**Request No. 2:**

      All documents relating to Benashore Marketing Group or Benesure Marketing Group, including but not limited to correspondence, customer lists, contracts, and payment records.

**Response:**

      There are no such documents of which SCS is aware and that would in any way relate to the state of Illinois. SCS's banking records contain confidential information relating and sensitive to all of the clients for which it provides customer service, and are not relevant to the present matter.

      Neil Haboush, the President of SCS, provided this information.

**Request No. 3:**

      All documents relating to calls that SCS received from or placed to Illinois residents in connection with "Medline Savings."

**Response:**

      There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

      Neil Haboush, the President of SCS, provided this information.

**Request No. 4:**

All documents relating to calls that SCS received from or placed to the following area codes in connection with "Medline Savings": 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

**Response**:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents, and nor does it ever place outgoing calls in the context of the customer service that it provides.

Neil Haboush, the President of SCS, provided this information.

**Request No. 5:**

All documents relating to calls received by SCS from Illinois residents through the telephone number (866) 395-2013.

**Response**:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

Neil Haboush, the President of SCS, provided this information.

**Request No. 6:**

All documents relating to calls received by SCS through the telephone number (866) 395-2013 from any of the following area codes: 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

**Response**:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

Neil Haboush, the President of SCS, provided this information.

**Request No. 7:**

All documents relating to refunds issued by SCS to Illinois residents in connection with "Medline Savings."

**Response**:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents. Moreover, SCS itself does not issue refunds. It can only authorize same.

Neil Haboush, the President of SCS, provided this information.

**Request No. 8:**

All documents relating to any calls received by SCS from Illinois residents generally.

**Response**:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

Neil Haboush, the President of SCS, provided this information.

<u>Request No. 9</u>:

All documents relating to any refunds issued by SCS to Illinois residents generally.

<u>Response</u>:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

Neil Haboush, the President of SCS, provided this information.

<u>Request No. 10</u>:

Documents sufficient to identify all Illinois residents in SCS's databases.

<u>Response</u>:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

Neil Haboush, the President of SCS, provided this information.

<u>Request No. 11</u>:

Documents sufficient to identify all telephone numbers in SCS's databases beginning with the following area codes: 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

<u>Response</u>:

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

Neil Haboush, the President of SCS, provided this information.

**Request No. 12:**

Documents relating to any agreements between SCS and any company or individual residing in Illinois.

**Response:**

There are no such documents of which SCS is aware.

Neil Haboush, the President of SCS, provided this information.


**Request No. 13:**

Documents relating to any trips made to Illinois by any of SCS's employees, officers, directors, or independent contactors in connection with SCS's business or services.

**Response:**

There are no such documents of which SCS is aware.

Neil Haboush, the President of SCS, provided this information.


**Request No. 14:**

All correspondence between SCS and any Illinois residents.

**Response:**

There are no such documents of which SCS is aware, SCS further adding that it did not deal with Illinois residents.

Neil Haboush, the President of SCS, provided this information.

<u>Request No. 15:</u>

All documents relating to Medline.

<u>Response:</u>

There are no documents of which SCS is aware, SCS further adding that it was not even aware of Medline or its business until the service of the Summons herein.

Neil Haboush, the President of SCS, provided this information.

<u>Request No. 16:</u>

All documents relating to the telephone number (866) 395-2013, including but not limited to registration and ownership, telephone company invoices, call summaries, usage reports and customer lists.

<u>Response:</u>

This is a toll-free telephone number used by SCS for inbound calls and that from time to time is assigned to the customer service programs to which SCS provides support. The provision of the information requested would raise privacy issues involving CSC's clientele, and is not relevant to the present matter. It will not be provided. Neil Haboush, the President of SCS, provided this information.

<u>Request No. 17:</u>

All documents relating to SCS's ownership or rental of property located at 1320 State Route 9, Champlain, New York 12919.

<u>Response:</u>

There are no such documents. SCS does not, and nor did it ever, own or rent the subject property. Neil Haboush, the President of SCS, provided this information.

**Request No. 18:**

All documents relating to any activity conducted by or on behalf of SCS at 1320 State Route 9, Champlain, New York 12919.

**Response:**

There are no such documents. SCS has never conducted any activity at the subject property. Neil Haboush, the President of SCS, provided this information.

Respectfully submitted,

STRATEGIC COMMERCIAL
SOLUTIONS (SSC) INC.

Dated: June 29, 2007                          By: _____
                                                    Neil Haboush, President

### Certificate Of Service

The undersigned attorney states that he caused a true and correct copy of the foregoing

Response by Strategic Commercial Solutions (SSC) Inc. to Medline's First Request for

Production of Documents and Things to be sent by overnight courier, this 29th day of June, 2007

to the following:

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606

Attention: Mr. Jared Solovay, Esq.

Kenneth F. Salomon, Esq.
Sternthal Katznelson Montigny, LLP
Place du Canada
1010 de la Gauchetière West, Suite 1020
Montréal, Québec
Canada H3B 2N2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MEDLINE INDUSTRIES, INC.
  an Illinois Corporation,

      Plaintiff,

     v.

STRATEGIC COMMERCIAL SOLUTIONS,
INC., a Canadian corporation, and CAPITAL
PAYMENT SYSTEMS, LLC, a Delaware
limited liability company,

      Defendants.

Case No. 07 CV 2783

Judge Castillo

### Solemn Affirmation

I, the undersigned Neil Haboush, on behalf of Strategic Commercial Solutions (SSC) Inc., and residing and domiciled at 709-18 Lakeshore Road, Pointe Claire, Province of Quebec H9S 5X9, having been duly sworn , do solemnly affirm that:

1. I am the President of Strategic Commercial Solutions (SSC) Inc.; and

2. I have read Strategic Commercial Solutions (SCS) Inc.'s Response To Medline Industries, Inc.'s First Request for Production of Documents and Things and confirm that I have knowledge of the same, and that the responses contained therein are true and correct to the best of my knowledge.

AND I HAVE SIGNED:

_____

Neil Haboush

SOLEMNLY AFFIRMED BEFORE ME
AT MONTREAL, PROVINCE OF QUEBEC
THIS 29TH DAY OF JUNE 2007

_____
COMMISSIONER FOR OATHS

COMMISSAIRE À L'ASSERMENTATION
COMMISSIONER FOR OATHS
JOCELYNE CHOQUETTE
# 103 300
DISTRICT OF/OF MONTREAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MEDLINE INDUSTRIES, INC.
an Illinois Corporation,

        Plaintiff,

    v.

STRATEGIC COMMERCIAL SOLUTIONS,
INC., d/b/a MEDLINE SAVINGS, a Canadian
corporation, and CAPITAL PAYMENT
SYSTEMS, LLC, a Delaware limited liability
company,

        Defendants.

Case No. 07 CV 2783

Judge Castillo

## RESPONSE OF STRATEGIC COMMERCIAL SOLUTIONS (SSC) INC. TO MEDLINE INDUSTRIES, INC.'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**

    Describe in detail SCS's involvement with the "Medline Savings" telemarketing

operation, including but not limited to the date of SCS's first involvement, the volume of calls

handled monthly, the format in which SCS receives lists of "Medline Savings" customers, the

source of the "Medline Savings" customer lists, the nature of SCS's interactions with "Medline

Savings" customers, any instructions or limitations provided to SCS in handling "Medline

Savings" customer calls, and the nature of SCS's interactions with Capital Payment Systems

regarding payments and refunds.

**Response:**

    Defendant Strategic Commercial Solutions (SSC) Inc. (hereinafter "SCS) has no

direct involvement with the "Medline Savings telemarketing operation". During a period of

approximately 11 months, namely from July 2006 to May 2007, SCS provided customer service

to Benashore Marketing Group (hereinafter "Benashore"), a Nevada U.S.A. - based company whose address is 5348 Vegas Drive, Las Vegas, NV, 98108. It is the latter company that appears to have operated the "Medline Savings telemarketing operation". SCS's only business is to provide customer service to companies that deal with a large number of consumers and that do not have the personnel to provide such services themselves. SCS does not act, and nor has it ever acted, as a principal in respect of any of the transactions for which it provides such service. Moreover, SCS has not provided any services in respect of consumers resident in Illinois.

Insofar as concerns the customer service provided on behalf of Benashore, SCS received inbound customer service calls from July 2006 to May 2007. The volume of inbound customer service calls averaged about 400 per month. SCS received from Benashore periodic uploads (to the SCS database) of consumer "files" containing the coordinates of consumers who had engaged to do business with Benashore. The only interaction by SCS with "Medline Savings" customers occurred when SCS received inbound customer service calls. There were in effect no instructions or limitations provided to SCS in handling "Medline Savings" customer calls", but SCS did receive from Benashore a copy of the sales script used by Benashore employees when dealing with consumers, as well as the verification recordings for the individual consumers wherein the latter confirmed their purchase of the goods or services in question. The nature of SCS's interaction with Capital Payment Systems regarding payments and refunds was simply to forward to the latter requests on behalf of the consumers to authorize refunds where merited.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 2:**

Identify the individuals or entities placing the "Medline Savings" telemarketing calls, including but not limited to their names, addresses, and telephone numbers, and in the case of any business entities, their officers, directors, members, partners, shareholders, and investors (where applicable).

**Response:**

Neither SCS nor any of its agents place "Medline Savings" telemarketing calls or any telemarketing calls of any nature whatsoever. SCS has no knowledge of the information requested concerning any persons placing such telemarketing calls.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 3:**

Identify each individual or entity receiving the proceeds or profits derived from the "Medline Savings" telemarketing operation.

**Response:**

Other than the customer service fees received by SCS itself from Benashore, SCS has no Direct knowledge of any individual or entity receiving any proceeds or profits from the "Medline Savings" telemarketing operation.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 4:**

Describe in detail the relationship between SCS and the individuals or entities placing the "Medline Savings" telemarketing calls, including but not limited to the existence and terms of any agreements, the names and titles of all individuals with whom SCS has dealt, the names and titles of all SCS employees or independent contractors involved in such dealings.

**Response:**

There is no relationship between SCS and the individuals or entities placing the "Medline Savings" telemarketing calls.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 5:**

Describe in detail the relationship between SCS and Benashore Marketing Group or Benesure Marketing Group, including but not limited to the existence and terms of any agreements, the names and titles of all individuals with whom SCS dealt, and the names and titles of all SCS employees or independent contractors involved in such dealings.

**Response:**

In July 2006, SCS was engaged by Benashore to provide customer service to customers of the latter, the whole pursuant to an agreement between the parties that is dated July 3, 2006 There are no other agreements between the parties.

Neil Haboush, the President of SCS, provided the foregoing information.

-4-

**Interrogatory No. 6:**

Describe in detail the method by which SCS has been paid for its services in connection with the "Medline Savings" calls, including but not limited to the name of each bank and the number of each account from which the funds were transmitted.

**Response:**

SCS was paid by Benashore for its services through Denarius Financial Group (hereinafter "Denarius"), a foreign exchange firm that is totally independent of and not otherwise in any way connected with SCS, and that has its head office at 1179 de la Montagne, Suite 101, Montreal, Quebec H3G 1Z2. The payments received by SCS from Denarius were via a web payment transfer, and accordingly SCS has no knowledge of the name or coordinates of the latter's bank.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 7:**

Identify by name and address each customer in SCS's databases with telephone numbers in any of the following area codes: 217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, and 847.

**Response:**

There are no customers in the SCS database with telephone numbers in any of the area Codes cited. However, there is a record of one person who in error had reached one of the SCS customer service lines, but whose name was never entered into the SCS database because no customer service was ever rendered in respect of such person. Furthermore, Illinois is what is referred to as a "no call" state, and accordingly SCS would be unlikely to have ever had to deal with consumers resident in the state of Illinois.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 8:**

Explain in detail the significance of the 1320 State Route 9, Champlain, New York 12919 address to SCS, including but not limited to the date SCS first established a presence at that location, the reasons for SCS's establishment of a presence at that location, the number of SCS employees or independent contractors working at or traveling to that location, and the nature of SCS's business activities at that location.

**Response:**

The address 1320 State Route 9, Champlain, New York, 12919 has no significance whatsoever for SCS. It does not own, operate, lease, occupy or otherwise in any way in any connection whatsoever with that location.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 9:**

Identify all individuals or companies residing in Illinois for whom SCS has provided any professional services.

**Response:**

There are no individuals or companies residing in Illinois for whom SCS has provided any professional services.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 10:**

Identify all individuals or companies residing in Illinois with whom SCS has entered into any contractual relationship.

**Response:**

There are no individuals or companies residing in Illinois with whom SCS has entered into any contractual relationship.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 11:**

Describe any trips made to Illinois by any of SCS's employees, officers, directors, or independent contactors in connection with SCS's business or services.

**Response:**

There have been no trips made to Illinois by any SCS employees, officers, directors or independent contractors in connection with SCS's business or services.

Neil Haboush, the President of SCS, provided the foregoing information.

**Interrogatory No. 12:**

Describe in detail the circumstances surrounding SCS's first awareness of Medline and/or the MEDLINE trademarks.

**Response:**

SCS's first awareness of Medline and/or the MEDLINE trademarks occurred on or about May 29, 2007 when it first received the Summons filed in this matter.

Neil Haboush, the President of SCS, provided the foregoing information.

Respectfully submitted,

STRATEGIC COMMERCIAL
SOLUTIONS (SSC) INC.

Dated: June 29, 2007         By:_____

                                 Neil Haboush, President

### Certificate Of Service

The undersigned attorney states that he caused a true and correct copy of the foregoing

Response by Strategic Commercial Solutions (SSC) Inc. to Medline's First Set of Interrogatories

to be sent by overnight courier, this 29th day of June, 2007 to the following:

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606

Attention: Mr. Jared Solovay, Esq.

Kenneth F. Salomon, Esq.
Sternthal Katznelson Montigny, LLP
Place du Canada
1010 de la Gauchetière West, Suite 1020
Montréal, Québec
Canada H3B 2N2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MEDLINE INDUSTRIES, INC.
  an Illinois Corporation,

      Plaintiff,

    v.

STRATEGIC COMMERCIAL SOLUTIONS,
INC., a Canadian corporation, and CAPITAL
PAYMENT SYSTEMS, LLC, a Delaware
limited liability company,

      Defendants.

Case No. 07 CV 2783

Judge Castillo

### Solemn Affirmation

I, the undersigned Neil Haboush, on behalf of Strategic Commercial Solutions (SSC) Inc., and residing and domiciled at 709-18 Lakeshore Road, Pointe Claire, Province of Quebec H9S 5X9, having been duly sworn , do solemnly affirm that:

1. I am the President of Strategic Commercial Solutions (SSC) Inc., and

2. I have read Strategic Commercial Solutions (SCS) Inc.'s Response To Medline Industries, Inc.'s First Set of Interrogatories and confirm that I have knowledge of the same, and that the responses contained therein are true and correct to the best of my knowledge.

AND I HAVE SIGNED:

_____
Neil Haboush

SOLEMNLY AFFIRMED BEFORE ME
AT MONTREAL, PROVINCE OF QUEBEC
THIS 29TH DAY OF JUNE 2007

_____
COMMISSIONER FOR OATHS

JOCELYNE CHOQUETTE
# 103 300